IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARRIE GILLOCK,

    Petitioner,               No. CIV S-05-0400 DFL KJM P

    vs.

SOLANO COUNTY SHERIFF'S OFFICE,

    Respondents.        ORDER AND
                                   FINDINGS & RECOMMENDATIONS

        Petitioner, a county jail inmate proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis under 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1  providing the highest state court with a full and fair opportunity to consider all claims before
2  presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
3  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Although the claims have been presented to Solano County Superior Court, they have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Because petitioner has not exhausted state remedies, the court has no basis upon which to grant petitioner's March 30, 2005 request for a show cause hearing or her April 18, 2005 motion for preliminary relief.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's March 30, 2005 request for a show cause hearing is denied;

3. Petitioner's April 18, 2005 motion for preliminary relief is denied;

4  The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

/////
/////
/////
/////

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1    IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
2 habeas corpus be dismissed for failure to exhaust state remedies.
3    These findings and recommendations will be submitted to the United States
4 District Judge assigned to this case, as provided by 28 U.S.C. § 636(b)(l).  Within twenty days
5 after being served with these findings and recommendations, petitioner may file written
6 objections with the court.  The document should be captioned "Objections to Findings and
7 Recommendations."  Petitioner is advised that failure to file objections within the specified
8 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
9 (9th Cir. 1991).
10 DATED: December 2, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
gill0400.103

3